Romben Aquino (RA 0514)
Ferro & Cuccia
100 Lafayette Street, Suite 201
New York, NY 10013
212-966-7775

**ECF CASE 07-cv-7232-VM-KNF**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
Song Chen, individually,

                Plaintiff,

vs.

Alberto Gonzales, officially as United States Attorney
General; Michael Chertoff, officially as Secretary,
U.S. Department of Homeland Security;
Emilio Gonzalez, officially as Director, U.S.
Citizenship & Immigration Services; Andrea J.
Quarantillo, officially as District Director,
U.S. Citizenship & Immigration Services;
the U.S. Citizenship & Immigration Services;
Robert S. Mueller, III, officially as Director,
Federal Bureau of Investigation;
and the Federal Bureau of Investigation,

        Defendants.
------------------------------------------------------------X

**PETITION FOR HEARING ON NATURALIZATION APPLICATION**

## I.
## INTRODUCTION

1. This is an individual action for a request for hearing before the District Court, pursuant to § 336(b) of the Immigration and Nationality Act. 8 U.S.C. § 1447(b).

2. This action challenges the delay of United States Citizenship and Immigration Services ("USCIS") in rendering a decision regarding Plaintiff's naturalization application within 120 days of examination.

3. This is also an individual action under the Mandamus Act and the Administrative Procedures Act to compel the United States Citizenship and Immigration Services ("USCIS") and the Federal Bureau of Investigation ("FBI") to act upon Plaintiff's application for naturalization.

## II.
## JURISDICTION

4. The Court has jurisdiction to hear Plaintiff's request for a hearing on his naturalization application pursuant to 8 U.S.C. § 1447(b).

5. The Court has subject matter jurisdiction to hear plaintiff's request for relief in the nature of mandamus against officers and agencies of the United States. 28 U.S.C. § 1361.

6. This case involves issues regarding the Immigration and Nationality Act of 1952, as amended, codified at 8 U.S.C. §§ 1101 et seq. Thus, the Court also has subject matter jurisdiction over this matter under the "federal question statute." 28 U.S.C. § 1331.

7. Officials and agencies of the United States have been named as defendants. Thus, the Court has jurisdiction under the Administrative Procedures Act ("APA"). 5 U.S.C. §§ 551 et seq. and 5 U.S.C. §§ 701 et seq.

8. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201.

### III.
### VENUE

9.      8 U.S.C. §1447(b) states, in relevant part, that an "applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." Plaintiff resides in New York, NY. Thus, venue in the United States District Court, Southern District of New York is proper.

### IV.
### PLAINTIFF

10.     Plaintiff is a lawful permanent resident of the United States, who resides in New York, NY.

### V.
### DEFENDANTS

11.     The United States Citizenship and Immigration Services is the federal agency that failed to render a decision on Plaintiff's application for naturalization within 120 days of examination.

12.     Defendant Michael Chertoff is the duly-appointed Secretary of the Department of Homeland Security, which oversees United States Citizenship and Immigration Services.

13.     Defendant Emilio Gonzalez is the duly-appointed Director of USCIS.

14.     Defendant Andrea J. Quarantillo is the District Director of the New York District office of USCIS.

15.     Defendant Alberto Gonzales is the Attorney General of the United States, who has "the sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a).

16. The Federal Bureau of Investigation ("FBI") is the federal agency charged with completing background security checks for naturalization applicants.

17. Defendant Robert S. Mueller, III, is the Director of the FBI.

## VI.
## FACTUAL ALLEGATIONS

18. Plaintiff is a lawful permanent resident of the United States. Plaintiff was granted lawful permanent residency on October 1, 1999. Plaintiff's alien registration number is A# 73-184-289.

19. Plaintiff properly submitted an application to be naturalized as a citizen of the United States on or about July 6, 2004.

20. Plaintiff meets all of the statutory requirements for naturalization.

21. Plaintiff was examined by a District Adjudications Officer Stochmal, who is authorized by USCIS to administer such examinations, on June 28, 2005 at the USCIS office located at 26 Federal Plaza, New York, New York. On that day, Plaintiff passed all the required tests of literacy and civics knowledge. Plaintiff received a "Congratulations" letter from USCIS informing Plaintiff that he had passed the requisite examinations.

22. On several occasions, Plaintiff inquired with USCIS regarding the status of his case.

23. On or about July 2, 2007, in response to an inquiry, USCIS informed Plaintiff that his "application is pending receipt of security checks."

24. Upon information and belief, USCIS has not yet rendered a decision on the matter.

25. Upon information and belief, the FBI has not yet completed its background security checks.

26. More than 120 days have elapsed since Plaintiff's naturalization examination on June 28, 2005.

## VII.
## STATUTORY AND REGULATORY FRAMEWORK

27. 8 U.S.C. §1447(b) states, in relevant part, that "if there is a failure under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court . . . for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."

28. 8 C.F.R. § 335.2(b) states: "The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed."

29. 8 C.F.R. § 335.3(a) states that a decision to grant or deny the naturalization application shall be made at the initial examination or within 120 days after the date of the initial examination if the applicant has complied with all the requirements of naturalization.

30. 5 U.S.C. § 555(b) states "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

31. Under 5 U.S.C. § 706, a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

## VIII.
## CLAIMS FOR RELIEF

32. Under 5 U.S.C. §§ 551 et seq., Plaintiff has been aggrieved by the Defendants' unlawful delay in acting upon Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law within a reasonable time.

33. Under 5 U.S.C. §§ 551 et seq., Defendants owe Plaintiff a duty to adjudicate his adjustment application within a reasonable time frame. Defendants have unreasonably delayed the processing of Plaintiff's application for naturalization, thus depriving Plaintiff of the benefits of citizenship.

34. Under 5 U.S.C. § 555(b), Defendants have failed to conclude a matter that has been presented to them within a reasonable time.

35. Under 28 U.S.C. § 2201, Plaintiff seeks a declaratory judgment from the Court as to his rights under the law.

36. Under 8 U.S.C. § 1447(b), Defendants FBI and Mueller have failed to complete Plaintiff's background checks within 120 days of his naturalization examination, thus depriving Plaintiff of the benefits of having United States citizenship.

37. Under 8 U.S.C. § 1447(b), Defendants USCIS, A. Gonzales, Chertoff, E. Gonzalez, and Quarantillo have failed to act upon Plaintiff's application for naturalization

within 120 days of his naturalization examination, thereby depriving Plaintiff of the benefits of having United States citizenship.

**WHEREFORE,** Plaintiff prays that this honorable Court:

(1) Declare jurisdiction of this case and determine the matter;

(2) In the alternative, remand the matter with instructions to USCIS to adjudicate the naturalization application within 30 days of the Court's order; and

(3) Grant such other and further relief as this Court deems proper.

Dated: August 13, 2007
New York, New York

Respectfully submitted,
FERRO & CUCCIA

____/s/ Romben Aquino____

By:_____
Romben Aquino, Esq.
RA 0514
100 Lafayette Street, Suite 201
New York, NY 10013
212-966-7775
